IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **CHRISTOPHER UMBERGER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 5:08-0872 |
| ) | |
| **DOMINICK McCLAIN, D.O.,** ) | |
| ) | |
| **Defendant.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending are the following Motions in this matter: (1) Motion to Dismiss Dominick McClain, D.O., as a Defendant and Substitute the United States of America (Document No. 3.); (2) United States Motion to Dismiss for Lack of Subject Jurisdiction (Document No. 5.); and (3) Plaintiff's Motions to Remand and for a Hearing upon the Removal and Remand Issues (Document Nos. 8 and 15.)[1] On June 27, 2008, the Court advised Plaintiff of his right to file a Response to the Motion to Dismiss Dominick McClain, D.O., as a Defendant and Substitute the United States of America and the United States Motion to Dismiss for Lack of Subject Jurisdiction pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (Document No. 7.) Plaintiff filed Responses to the Motions on July 8, 2008. (Document Nos. 10 and 11.) The United States filed Replies to Plaintiff's Responses on July 9, 2008. (Document Nos. 13 and 14.) The United States has also filed Responses to Plaintiff's Motions to Remand and for a hearing. (Document Nos. 9 and 16.)

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## FACTUAL AND PROCEDURAL BACKGROUND

On May 27, 2008, Plaintiff filed a Civil Action Complaint against Dominick McClain in the Circuit Court of Raleigh County, West Virginia, alleging that "Dominick McClain did violate West Virginia law, and did cause the plaintiff undue pain and suffering as a result of his failure to practice medicine as was expected of a trained physician. The plaintiff alleges malpractice and fraud with willful intent." (Document No. 1, Exhibit C, Plaintiff's Civil Action Complaint, p. 1.) On June 6, 2008, the United States removed Plaintiff's action to the District Court. The United States provides the Certification of the United States Attorney for this District that "Dominick McClain, D.O., was acting within the scope of his office or employment at the time of the incident out of which the instant action arose." (Document No. 1, Exhibit B.)[2] The United States removed this matter to the District Court "pursuant to 28 U.S.C. § 2679, as this tort action must be brought against the United States pursuant to the terms and conditions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 et seq. Thus, removal is appropriate pursuant to 28 U.S.C. § 2679(d)(2)." (Document No. 1, Notice of Removal, ¶ 3.)

By its Motion to Dismiss Dominick McClain, D.O., as a Defendant and Substitute the United States of America (Document No. 3.), the United States asserts that "[a]ssuming that the plaintiff has a cognizable claim of negligence, this action must be brought against the United States pursuant to the terms and conditions of the Federal Tort Claims Act ("FTCA") . . . based on the United States Attorney's Certification, Dominick McClain, D.O., was at the relevant times acting within the scope of his office or employment at the time of the incident out of which the claim arose." (Document No.

---

[2] Upon information and belief, Dominick McClain, D.O., is the Clinical Director at FCI Beckley.

4 (Memorandum of Law in Support of United States Motion to Dismiss), p. 1.) By its Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 5.), the United States alleges that Plaintiff did not exhaust administrative remedies before filing suit. Rather, the United States indicates that while Plaintiff filed suit in the Circuit Court of Raleigh County on May 27, 2008, he did not begin to seek relief administratively until June 19, 2008. The United States attached a copy of Plaintiff's June, 2008, administrative tort claim including Plaintiff's "Board of Medicine Complaint", an attachment thereto, charging that Dr. McClain failed to treat Plaintiff following an injury which Plaintiff sustained to his head on September 24, 2007, and failed to treat Plaintiff for Hepatitis C to its Motion as Exhibit 1.

Plaintiff indicates that the District Court does not have jurisdiction over this matter because diversity does not exist between the adverse parties. (Document No. 8, ¶ 1.)Plaintiff further asserts that he intended in filing this action in the Circuit Court of Raleigh County to proceed under West Virginia law stating that "[t]his action is clearly a malpractice suit under West Virginia laws and can not proceed in federal court which does [sic] follow state laws, nor regulate physicians licensed by the state." (Id., ¶ 7.) Plaintiff requests that the District Court deny the United States' Motion to Dismiss Dominick McClain and Substitute the United States as Defendant because "this action has nothing to do with the US Government, but instead a West Virginia licensed physician." (Document No. 10.) Plaintiff requests that the District Court deny the United States' Motion to Dismiss this action for his failure to exhaust administrative remedies because "[a]dministrative remedies in federal prison do not cover violation of state law. Do not cover licensing issues with a West Virginia licensed physician. The Motion to Dismiss is in the wrong court. Subject matter deals solely with

West Virginia state law, which fall under the West Virginia Rules of Civil Procedure." (Document No. 11.)

The United States replies to Plaintiff's assertion that the District Court does not have jurisdiction over this matter that under "the Certification by the United States Attorney that Dr. McClain was acting within the scope of his employment conclusively established the scope of office or employment for purposes of removal" pursuant to the FTCA. (Document No. 9, footnote omitted.) The United States replies to Plaintiff's assertion that the United States should not be substituted as a Defendant for Dominick McClain that "[a]ctions based on medical negligence, which are cognizable under state law, are appropriately brought against the United States pursuant to the terms and conditions of the Federal Tort Claims Act ("FTCA")." (Document No. 13.) Respecting Plaintiff's claim that the BOP's administrative remedies procedures do not apply to State law actions, the United States contends that "Plaintiff is mistaken. The Federal Tort Claims Act . . . incorporates state law. * * * Thus, any remedy Plaintiff would have pursuant to the FTCA would be by virtue of a state law cause of action." (Document No. 14.)

## DISCUSSION

### A. The United States as a Party.

Plaintiff, an inmate at FCI Beckley, asserts that Dominick McClain committed medical malpractice and fraud with willful intent in treating him. Construing Plaintiff's claims as negligence/tort claims, they must be considered under the FTCA. The United States is appropriately the Defendant under the FTCA. Dominick McClain is not appropriately a Defendant. The FTCA provides at 28 U.S.C. § 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

Inmates may file claims of liability against the United States but may not assert claims of personal liability against prison officials for violations of their constitutional rights under the FTCA.[3] Carlson v. Green, 446 U.S. 14, 21 - 23, 100 S.Ct. 1468, 1472 -74, 64 L.Ed.2d 15 (1980). In order to maintain a case against the United States under the FTCA, Plaintiff must demonstrate that his action is permissible under the FTCA and satisfies the necessary elements of a tort claim cognizable under law of the State in which the action accrued. Pursuant to 28 U.S.C. § 1346(b)(1), the United States District Courts have exclusive jurisdiction over civil actions against the United States for claims of money damage brought under the FTCA. Accordingly, the United States Motion to Dismiss Dominick McClain, D.O., as a Defendant and Substitute the United States of America (Document No. 3.) must be granted and Plaintiff's Motions to Remand and for a Hearing (Document Nos. 8 and 15.) must be denied.

      **B.**    **Exhaustion of Administrative Remedies.**

The Federal Tort Claims Act is a limited waiver of sovereign immunity. This waiver is subject to the condition that an administrative claim must first be submitted to the appropriate

---

[3] Inmates may on the other hand assert actions for money damages against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395 - 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *See also Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending *Bivens* to Eighth Amendment claims). Plaintiff expressly states that "[n]o claim of violation of the Constitution or federal law was made." (Document No. 8, ¶ 3.) The undersigned does not therefore consider Plaintiff's claims as arising under *Bivens*.

agency and denied before suit can be filed. *See* 28 U.S.C. § 2675(a)[4]. *See also* <u>Bellomy v. United States</u>, 888 F. Supp. 760 (S.D.W.Va. 1995). Filing a timely administrative claim is jurisdictional and cannot be waived. <u>Ahmed v. United States</u>, 30 F.3d 514, 516 (4th Cir. 1994) (*citing* <u>Henderson v. United States</u>, 785 F.2d 121, 123 (4th Cir. 1986), <u>Muth v. United States</u>, 1 F.3d 246 (4th Cir. 1993). Thus, before an inmate can bring a claim under the Federal Tort Claims Act, the inmate must exhaust procedures specified at 28 C.F.R. §§ 14.1 to 14.11[5] and 543.30 to 543.32. The administrative process which inmates must exhaust when they have complaints under the Federal Tort Claims Act is spelled out at 28 C.F.R. §§ 14.1 - 14.11. To exhaust administrative remedies as required before filing an action under the FTCA, the inmate must first submit an administrative claim including a claim for money damages in a sum certain for the alleged injury sustained on a Standard Form 95 to the Federal agency whose activities gave rise to the claim. <u>Id.</u>, § 14.2(a) and (b)(1). After investigation and examination and informal attempts at resolving the inmate's claim as the

---

[4]28 U.S.C. § 2675(a) provides that

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

[5] 28 C.F.R. § 14.2(a) provides that

a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain . . . for personal injury . . . alleged to have occurred by reason of the incident[.]

circumstances may require, Id., §§ 14.6 and 14.8, the agency may deny or approve the inmate's claim. If the agency denies the inmate's claim, he may file suit in the District Court within six months of the mailing of the denial. Id., § 14.9(a). The Director of the Federal Bureau of Prisons is authorized to settle meritorious administrative Federal tort claims by providing monetary compensation. 28 C.F.R. §§ 0.96(k) and 0.172.

Plaintiff filed an administrative tort claim respecting the issues which he raises in his Civil Action Complaint in this matter after he filed his Complaint in the Circuit Court of Raleigh County. Clearly, Plaintiff did not exhaust administrative procedures prior to filing this action. He filed his Civil Action Complaint prematurely, and the District Court is therefore without jurisdiction to consider it. The United States' Motion to Dismiss (Document No. 5.) must be granted.[6]

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss Dominick McClain, D.O., as a Defendant and Substitute the United States of America (Document No. 3.) and the United States' Motion to Dismiss for Lack of Subject

---

[6] The undersigned notes that even if the District Court had jurisdiction to consider Plaintiff's claims in this matter on their merits, their dismissal would be appropriate. Viewing Plaintiff's claims as alleging medical malpractice under the FTCA, the undersigned finds no indication in the record that Plaintiff has complied with the notice and prescreening requirements of the West Virginia Medical Professional Liability Act [MPLA], *W. Va. Code* § 55–7B-6. It appears therefore that Plaintiff cannot maintain a negligence action for medical malpractice pursuant to the FTCA because Plaintiff failed to comply with the pre-filing requirements of the MPLA. The notice and prescreening requirements of the MPLA are substantive and operate in addition to those contained in the FTCA. *Stanley v. United States*, 321 F. Supp.2d 805 (N.D.W.Va. 2004); *See also Muhammad v. United States*, Civil Action No. 1:04-252, 2006 WL 2473424 (N.D.W.Va. Aug. 25, 2006), *Morell v. United States*, Civil Action No. 5:05-171, 2007 WL 1097871(N.D.W.Va. Apr. 12, 2007)(*pro se* prisoners' FTCA claims dismissed for failure to comply with MPLA).

Jurisdiction (Document No. 5.); and **DENY** Plaintiff's Motions to Remand and for a Hearing upon the Removal and Remand Issues (Document Nos. 8 and 15.), **DISMISS** this action and remove it from the Court's docket.

The parties are notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge Johnston and this Magistrate Judge.

The Clerk is directed to file these Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff, who is acting *pro se* in these proceedings, and counsel of record.

Date: January 5, 2009.

R. Clarke VanDervort
United States Magistrate Judge